UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STATE OF MARYLAND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KASH PATEL, et al., <br><br> Defendants. | Civil Action No. 8:25-3644 |

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

Defendants, Kash Patel, Director of the Federal Bureau of Investigation ("Patel"), Pamela Bondi, Attorney General of the United States ("Bondi"), Jolene Ann Lauria, Assistant Attorney General for Administration, United States Department of Justice ("Lauria"), Michael J. Rigas, Acting Administrator, U.S. General Services Administration ("Rigas"), the Federal Bureau of Investigation ("FBI"), the U.S. Department of Justice ("DOJ"), and the U.S. General Services Administration ("GSA") (collectively "Defendants") answer Plaintiffs' Complaint, ECF No. 1, in correspondingly numbered paragraphs:

1. Paragraph 1 contains Plaintiffs' characterization of its Complaint and this lawsuit, to which no response is required.

2. Regarding the first sentence of Paragraph 2, Defendants admit that, for more than a decade, the FBI has been working to develop a plan to relocate its headquarters from the J. Edgar Hoover Building ("Hoover Building"). The remainder of Paragraph 2 contains Plaintiffs' characterization of federal law, to which no response is required. To the extent a response is required, Defendants aver that the laws referenced in Paragraph 2 speak for themselves and refer the Court to those laws for a complete and

accurate statement of their contents.

3. The first sentence of Paragraph 3 contains Plaintiffs' characterization of federal law and policy, to which no response is required. The second and third sentences of Paragraph 3 contain Plaintiffs' characterizations of their own actions regarding the FBI headquarters site selection process, to which no response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' assertions in the second and third sentences of Paragraph 3.

4. As to the first sentence of Paragraph 4, Defendants admit that in 2023, GSA completed a site selection process and selected Greenbelt, Maryland as the new location for FBI headquarters. As to the second sentence of Paragraph 4, Defendants admit that subsequent to that 2023 decision, Defendants determined that the FBI would be better served by relocating its headquarters to the Ronald Reagan Building ("Reagan Building") in Washington, D.C. instead of building a new facility in Greenbelt, Maryland. As to the remainder of Paragraph 4, Defendants deny that this change violated the Administrative Procedures Act or any other applicable "specific statutory directives concerning the selection of the [FBI headquarters] site and the use of funds."

5. Denied.

6. The allegations in Paragraph 6 consist of legal conclusions regarding venue, to which no response is required.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 8.

9. Defendants admit that DOJ is an agency of the United States. The remaining allegations in Paragraph 9 regarding Defendants Bondi and Lauria consist of legal conclusions, to which no response is required.

10. Defendants admit that FBI is an agency of the United States and a component of the DOJ. The remaining allegations in Paragraph 10 regarding Defendant Patel consist of legal conclusions, to which no response is required.

11. Defendants admit that GSA is an agency of the United States. The remaining allegations in Paragraph 11 regarding Defendant Rigas consist of legal conclusions, to which no response is required.

12. Admitted.

13. Paragraph 13 contains Plaintiffs' characterization of GSA's site selection process, to which no response is required. To the extent a response is required, Defendants aver that GSA's Site Selection Guide referenced in Paragraph 13 speaks for itself and refer the Court to that document for a complete and accurate statement of its contents.

14. Paragraph 14 contains Plaintiffs' characterization of the process by which GSA determines where to locate federal facilities. Insofar as Paragraph 14 contains Plaintiffs' generalizations and abstract characterizations of GSA's site selection process and the impacts thereof, Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' assertions. Insofar as Paragraph 14 contains Plaintiffs' characterizations of federal law and policy, no response is required.

15. Paragraph 15 contains Plaintiffs' characterization of state and local governments' status in relation to, and participation in, GSA's site selection and acquisition process

generally. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' assertions.

16. Regarding the first sentence of Paragraph 16, Defendants admit that since 1974, the Hoover Building has served as FBI's headquarters. Regarding the second sentence of Paragraph 16, Defendants admit that they believe that the Hoover Building is inadequate to meet the FBI's current needs and that a replacement facility is necessary. The remainder of Paragraph 16 relates to Plaintiffs' summary and characterization of a 2011 report by the Government Accountability Office ("GAO") regarding the state of the Hoover Building, to which no response is required. To the extent a response is required to this portion of Paragraph 16, Defendants aver that the document speaks for itself and refer the Court to the 2011 GAO report referenced above and noted in Paragraph 16 for a complete and accurate statement of its contents.

17. Regarding the first sentence of Paragraph 17, Defendants admit that in 2011, "the Senate Committee on Environmental and Public Works adopted a resolution directing the GSA Administrator to proceed with plans for a new consolidated FBI Headquarters facility." The remainder of Paragraph 17 relates to Plaintiffs' summary and characterization of the Committee resolution referenced above and noted in Paragraph 17, to which no response is required. To the extent a response is required to this portion of Paragraph 17, Defendants aver that the resolution speaks for itself and refer the Court to the resolution cited Paragraph 17 for a complete and accurate statement of its contents.

18. Admitted.

19. Admitted.

20. Admitted.

21. Regarding the first sentence of Paragraph 21, Defendants admit that in 2016, "GSA submitted a prospectus to Congress outlining a plan to develop a new headquarters." The remainder of Paragraph 21 relates to Plaintiffs' summary and characterization of the prospectus referenced above and noted in Paragraph 21, to which no response is required. To the extent a response is required to this portion of Paragraph 21, Defendants aver that the prospectus speaks for itself and refer the Court to the prospectus cited Paragraph 21 for a complete and accurate statement of its contents.

22. Regarding the first sentence of Paragraph 22, Defendants admit that in July 2017, GSA and FBI announced that they were cancelling the FBI headquarters project due to lack of funding from Congress. Regarding the second sentence of Paragraph 23, Defendants admit that "the cancellation of the project does not lessen the need for a new FBI headquarters . . . and that GSA and FBI will continue to work together to address the space requirements of the FBI." For the full context surrounding these statements, Defendants refer the Court to the press releases noted in Paragraph 22 for a complete and accurate statement of their contents.

23. Paragraph 23 constitutes Plaintiffs' characterization of the 2017 Consolidated Appropriations Act and appropriations made therein, to which no response is required. To the extent that a response is required to this portion of Paragraph 23, Defendants aver that the legislation speaks for itself and refer the Court to the 2017 Consolidated Appropriations Act cited in Paragraph 23 for a complete and accurate statement of its contents.

24. Regarding the first sentence of Paragraph 24, Defendants admit that the 2022

Consolidated Appropriations Act directed FBI and GSA to prepare and deliver to Congress a report on the FBI headquarters project. Insofar as the remainder of Paragraph 24 contains Plaintiffs' characterizations of Defendants' legal obligations attendant to this report, no response is required. To the extent a response is required to this portion of Paragraph 24, Defendants aver that the legislation speaks for itself and refer the Court to the 2022 Consolidated Appropriations Act cited in Paragraph 24 for a complete and accurate statement of its contents.

25. Regarding the first sentence of Paragraph 25, Defendants admit that, at times, GSA solicited information from Plaintiffs (and others) regarding the viability of sites under consideration at that time for the new FBI headquarters. The second sentence of Paragraph 25 contains Plaintiffs' characterization of their response to these requests from GSA, to which no response is required.

26. Regarding the first sentence of Paragraph 26, Defendants admit that in May 2022, GSA met with Plaintiffs regarding the Greenbelt, Maryland and Landover, Maryland locations. The remainder of Paragraph 26 relates to Plaintiffs' summary and characterization of that meeting and subsequent correspondence from GSA to Plaintiffs, to which no response is required. To the extent a response is required to this portion of Paragraph 26, Defendants aver that the correspondence speaks for itself and refer the Court to the correspondence cited in Paragraph 26 for a complete and accurate statement of its contents and its summation of the May 2022 meeting.

27. Admitted.

28. Paragraph 28 contains Plaintiffs' characterizations of the written materials that Plaintiffs provided to GSA at the May 22 meeting, to which no response is required.

To the extent a response is required, Defendants aver that the materials speak for themselves and refer the Court to the materials cited in Paragraph 28 for a complete and accurate statement of their contents.

29. Defendants admit that by letter dated August 26, 2022, GSA requested additional information from Plaintiffs. To the extent a response is required, Defendants aver that the letter speaks for itself and refer the Court to the letter cited in Paragraph 29 for a complete and accurate statement of its contents.

30. Admitted.

31. Admitted.

32. Regarding the first sentence of Paragraph 32, Defendants admit that the 2023 Consolidated Appropriations Act "provided $375,000,000 in the Federal Buildings Fund for Federal Bureau of Investigation Headquarters Consolidation." The remainder of Paragraph 32 relates to Plaintiffs' characterization of the requirements attendant to that appropriation, to which no response is required. To the extent a response is required to this portion of Paragraph 32, Defendants aver that the legislation speaks for itself and refer the Court to the 2023 Consolidated Appropriations Act cited in Paragraph 32 for a complete and accurate statement of its contents.

33. Admitted.

34. Admitted.

35. Regarding the first sentence of Paragraph 35, Defendants admit that Plaintiffs "provided additional information in support of" the Landover, Maryland and Greenbelt, Maryland. Defendants admit that they received letters dated July 21, 2025 from Maryland state and local officials advocating for the sites noted above.

36. Admitted.

37. Regarding the first sentence of Paragraph 37, Defendants admit that by decision dated September 30, 2023, the Site Selection Authority selected Greenbelt, Maryland as the site location for the new FBI headquarters. The remainder of Paragraph 37 constitutes Plaintiffs' characterization of that decision, to which no response is required. To the extent a response is required to this portion of Paragraph 37, Defendants aver that the decision speaks for itself and refer the Court to the decision cited in Paragraph 37 for a complete and accurate statement of its contents.

38. Admitted.

39. Paragraph 39 constitutes Plaintiffs' characterization of the 2024 Consolidated Appropriations Act and appropriations made therein, to which no response is required. To the extent a response is required to Paragraph 39, Defendants aver that the legislation speaks for itself and refer the Court to the 2024 Consolidated Appropriations Act cited in Paragraph 39 for a complete and accurate statement of its contents.

40. Regarding the first sentence of Paragraph 40, Defendants admit that GSA submitted a prospectus to congressional oversight committees. The remainder of Paragraph 40 constitutes Plaintiffs' characterization of that document, to which no response is required. To the extent a response is required to this portion of Paragraph 40, Defendants aver that the prospectus speaks for itself and refer the Court to that document cited in Paragraph 40 for a complete and accurate statement of its contents.

41. Plaintiffs' assertion that the funds noted in Paragraph 41 were "appropriated and designated for the Greenbelt headquarters through statutory text since 2016" is a legal conclusion, to which no response is required. To the extent a response is required to

Paragraph 41, Defendants aver that the various pieces of legislation referenced therein speak for themselves and refer the legislation for a complete and accurate statement of their contents.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 42.

43. Regarding the first sentence of Paragraph 43, Defendants deny the allegations as vague and ambiguous because of the term "actively pursuing." The remainder of Paragraph 43 constitutes Plaintiffs' characterization of an email communication between GSA and the Maryland Department of General Services and a GSA prospectus, to which no response is required. To the extent a response is required to this portion of Paragraph 43, Defendants aver that these documents speak for themselves and refer the Court to those documents cited in Paragraph 43 for a complete and accurate statement of their contents.

44. Paragraph 44 constitutes Plaintiffs' characterization of its Complaint and certain events that led up to this litigation, to which no response is required. To the extent that a response is required, Defendants admit that subsequent to that 2023 decision, Defendants determined that the FBI would be better served by relocating its headquarters to the Reagan Building in Washington, D.C. instead of building a new facility in Greenbelt, Maryland. Defendants deny that this determination was unlawful.

45. Regarding the first sentence of Paragraph 45, Defendants admit that FBI and GSA issued press releases dated July 1, 2025 announcing the FBI's forthcoming move from the Hoover Building to the Reagan Building. The remainder of Paragraph 45 constitutes Plaintiffs' characterization of those press releases, to which no response is

required.  To the extent a response is required to this portion of Paragraph 45, Defendants aver that these press releases speak for themselves and refer the Court to those documents cited in Paragraph 45 for a complete and accurate statement of their contents.

46. Paragraph 46 contains legal conclusions regarding the propriety of Defendants' selection of the Reagan Building for the FBI headquarters, to which no response is required.

47. Paragraph 47 contains legal conclusions regarding the propriety of Defendants' selection of the Reagan Building for the FBI headquarters, to which no response is required.  To the extent a response is required, Defendants deny that the July 2025 press releases announcing the FBI's forthcoming move from the Hoover Building to the Reagan Building were required to contain all of the contents of an administrative record.

48. Paragraph 48 contains legal conclusions regarding the propriety of Defendants' selection of the Reagan Building for the FBI headquarters, to which no response is required.  To the extent a response is required, Defendants deny that the selection of the Reagan Building was in violation of law.  Defendants also deny that the July 2025 press releases announcing the FBI's forthcoming move from the Hoover Building to the Reagan Building were required to contain all of the contents of an administrative record.

49. Paragraph 49 contains legal conclusions regarding the propriety of Defendants' selection of the Reagan Building for the FBI headquarters, to which no response is required.  To the extent a response is required, Defendants deny that the alleged

deficiencies Plaintiffs attribute to the Reagan Building preclude its selection for a new FBI headquarters.

50. Admitted that, by request dated July 1, 2025, FBI provided notice that it intended to reprogram $555 million of existing funding towards a renovation of, and FBI relocation to, the Reagan Building, and that by request dated September 19, 2025, GSA provided notice that it intended to transfer $843 appropriated to the Federal Buildings Fund (FBF) for the FBI headquarters consolidation from the FBF's construction and acquisition account to the FBI's major repairs and alterations account. Defendants deny that this reprogramming request or transfer notice would "divert funding intended for the FBI Greenbelt project" or that such communications "violate the law."

51. The allegations in Paragraph 51 consist of legal conclusions, to which no response is required.

52. The allegations in Paragraph 52 consist of legal conclusions, to which no response is required.

53. Regarding the first sentence of Paragraph 53, Defendants admit that by request dated July 1, 2025, FBI provided notice that it intended to reprogram $555 million of existing funding (including $323M that Congress appropriated in the Consolidated Appropriations Act of 2017) towards a renovation of, and FBI relocation to, "an existing federally owned building in Washington, D.C. to serve as the new FBI HQ in the NCR." The remainder of Paragraph 53 constitutes Plaintiffs' characterization of that reprogramming request, to which no response is required. To the extent a response is required to this portion of Paragraph 53, Defendants aver that this request speaks for itself and refer the Court to that document cited in Paragraph 53 for a complete and

11

accurate statement of their contents.

54. The allegations in Paragraph 54 consist of legal conclusions, to which no response is required.

55. Regarding the first sentence of Paragraph 55, Defendants admit that by request dated September 19, 2025, GSA provided notice that it intended to transfer $843,769,886 "appropriated to the Federal Buildings Fund for the Federal Bureau of Investigation (FBI) Headquarters Consolidation from the FBF's construction and acquisition account to the FBI's major repairs and alterations account."  The remainder of Paragraph 55 constitutes Plaintiffs' characterization of that request, to which no response is required. To the extent a response is required to this portion of Paragraph 55, Defendants aver that this request speaks for itself and refer the Court to that document cited in Paragraph 55 for a complete and accurate statement of their contents.

56. The allegations in Paragraph 56 consist of legal conclusions, to which no response is required.

57. Regarding the first sentence of Paragraph 57, Defendants admit that GSA prepared a prospectus "outlining the [FBI's] proposed" move to the Reagan Building.  Regarding the second sentence of Paragraph 57, Defendants admit that the Senate Committee on Environmental and Public Works voted to approve the prospectus on October 29, 2025. The final sentence of Paragraph 57 consists of legal conclusions, to which no response is required.

58. The allegations in this paragraph consist of legal conclusions, to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.

59. The allegations in the first sentence of Paragraph 59 consist of legal conclusions, to which no response is required. Regarding the remainder of Paragraph 59, Defendants admit that Maryland and GSA had preliminary discussions exploring multiple options for the conveyance of land from Maryland to the United States, and also admit that those discussions never resulted in a "draft agreement." Plaintiffs' assertions regarding Plaintiffs' conclusions concerning the market value and marketability of the Greenbelt property site are speculative, to which no answer is required. Defendants otherwise deny Plaintiffs' characterizations of these discussions.

60. The allegations in Paragraph 60 consist of legal conclusions, to which no response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.

61. The allegations in Paragraph 61 consist of legal conclusions, to which no response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.

62. This paragraph does not contain substantive allegations to which a response is required.

63. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

64. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.
    a. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

    b. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

    c. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

65. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

    a. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

    b. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

    c. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

    d. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

    e. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

66. This paragraph does not contain substantive allegations to which a response is required.

67. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

    a. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

    b. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

68. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

69. This paragraph does not contain substantive allegations to which a response is required.

70. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

71. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

72. This paragraph does not contain substantive allegations to which a response is required.

73. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

74. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

75. This paragraph does not contain substantive allegations to which a response is required.

76. The allegations in this paragraph consist of legal conclusions, to which no response is

required.  To the extent a response is required, the allegations are denied.

77. This paragraph does not contain substantive allegations to which a response is required.

78. The allegations in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

** ** **

The remaining paragraphs of the Complaint contain Plaintiffs' requested relief, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in these paragraphs, and further state that Plaintiffs are not entitled to the requested relief or any other relief from Defendants.

** ** **

## AFFIRMATIVE DEFENSES

1. Defendants deny all allegations in the Complaint not expressly admitted or denied.

2. The Court lacks subject matter jurisdiction over one or more claims or requests for relief in the Complaint.

3. The Complaint fails to state a claim upon which relief may be granted against Defendants.

4. Plaintiffs' claims are barred by sovereign immunity.

Dated: January 16, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANDREW I. WARDEN
Assistant Branch Director
Federal Programs Branch

*/s/ C. Lee Reeves, II*
C. LEE REEVES, II
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 616-0773
Facsimile: (202) 616-8460
Lee.Reeves2@usdoj.gov

*Counsel for Defendants*