UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STATE OF MARYLAND, et al.,

Plaintiff,

v.

KASH PATEL, et al.,

Defendants.

Civil Action No. 8:25-3644

**JOINT STATUS REPORT**

By Order dated August 17, 2026, the Court granted Plaintiffs' Motion for Judgment on the Pleadings in the above-captioned case, and entered judgment in Plaintiffs' favor on Counts 1, 2, and 6. ECF #33 (August 17, 2026 Order). The August 17th Order further directed the parties to "file a joint status report within 14 days of the Order proposing next steps in the litigation and providing their views on whether the Court can close the case." In conformance with that Order, the parties state as follows:

1. In conformance with the Court's August 17, 2026 Memorandum Opinion and Order, FBI and GSA provide the following information:

a. In terms of the FBI's July 1, 2025 reprogramming notice and the associated appropriated funds, the FBI has confirmed that $555,000,000 are in the appropriate account where they were located prior to the reprogramming. The FBI further confirmed that the notice of the court's order has been distributed to all appropriate persons involved in the FBI headquarters project, including individuals responsible for handling of funds associated with the project and contractors. Per the August 17th Order, the FBI has confirmed that it is not

engaged in any activity to facilitate or advance the implementation of the FBI relocating its headquarters to the Ronald Reagan Building.

b. In terms of GSA's September 19, 2025 transfer request, GSA confirmed that none of those funds have been obligated in FY 2026. $843,769,885.83 remains unobligated at this time.

2. The defendants filed a Notice of Appeal, ECF No. 36, on August 19, 2026. The appeal has been docketed as *Maryland v. Patel*, No. 26-2158 (4th Cir. appeal docketed Aug. 24, 2026). The parties agree that, in the case's present posture, no further litigation is necessary in this Court. The parties have differing views, however, about whether further action from this Court is needed in order for its judgment to be a final judgment. The parties' respective views are set forth below.

**<u>Plaintiffs' Position</u>**

The plaintiffs believe the judgment in this case is already final, and no further action from the Court is needed to make it so, because the Court's August 17 ruling granted the full relief the plaintiffs sought in this action—specifically, vacatur of the challenged actions, injunctive relief barring their implementation, and declaratory relief declaring them unlawful. The counts in the plaintiffs' complaint that the Court did not address in its August 17 ruling (Counts III, IV, and V) are best understood as alternative theories for the relief that the Court granted (or a subset thereof), as none of these counts would entitle the plaintiffs to relief beyond what they have already received. *See Mathis v. Zant*, 903 F.2d 1368, 1371–72 (11th Cir. 1990) (holding that a judgment that grants a party "all the relief he had hoped to achieve" is final under 28 U.S.C. § 1291 "even if other grounds for relief—each based on discrete legal theories—have not been addressed"); *cf.* 10 Mary Kay Kane & Adam N. Steinman, *Federal Practice and Procedure* § 2657 (4th ed. 2026) ("[W]hen a claimant presents a number of legal theories, but will be

permitted to recover only on one of them, . . . plaintiff has only a single claim for relief for purposes of Rule 54(b).”). Further action on those counts is not necessary and would not become necessary unless the judgment were reversed on appeal. *See Penn-Am. Ins. Co. v. Mapp*, 521 F.3d 290, 294 (4th Cir. 2020) (“[A]n order is final if it ‘ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.’” (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945))). Thus, the judgment (entered in a separate document, *see* ECF No. 33) is final, no further action is needed, and the Court may close the case. *See Penn-Am. Ins. Co.*, 521 F.3d at 296 (explaining that administrative closure has no legal significance and does not affect the finality of a judgment).

Conversely, the plaintiffs believe that Rule 54(b) is a poor fit for the present circumstances, because partial final judgment under Rule 54(b) is limited to situations where the resolved and unresolved matters are sufficiently distinct to amount to separate claims. *See, e.g.*, *Calderon v. GEICO Gen. Ins. Co.*, 754 F.3d 201, 207 n.2 (4th Cir. 2014) (explaining that the rule “pertains only to judgments that entirely dispose of one or more claims”). If the Court were to enter partial final judgment under Rule 54(b), however, a stay of proceedings pending appeal would be appropriate because, if the Fourth Circuit leaves this Court’s judgment intact, the plaintiffs would have no need to litigate Counts III, IV, and V.

**<u>Defendants’ Position</u>**

Notwithstanding the parties’ agreement that there is nothing substantive left to do in district court, Defendants’ position is that the Court’s August 17, 2026 Order is not a final judgment because the order, on its face, did not resolve all of the claims in the Complaint but rather left a subset of claims (Counts 3-5) unresolved. *See Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (“[A] district court order is not ‘final’ until it has resolved *all* claims as to all

parties. . . . Regardless of the label given a district court decision, if it appears from the record that the district court has not adjudicated all of the issues in a case, then there is no final order." (quotation marks omitted)). In Defendants' view, the Court would need to finally dispose of the unadjudicated claims (Counts 3-5) for there to be a final judgment. Defendants are concerned that absent an appropriate final judgment, appellate jurisdiction may be lacking as to certain forms of relief granted in the Court's order. While the Court's injunction is appealable, *see* 28 U.S.C. § 1292(a)(1), it is less clear whether the vacatur and declaratory judgment remedies that the Court issued are appealable in the current procedural posture. Defendants want to ensure that the appeal of this matter proceeds in an orderly and appropriate fashion that does not create any potential appellate jurisdiction issues. *See Kiviti v. Bhatt*, 80 F.4th 520, 528 (4th Cir. 2023) ("We, as appellate judges, are used to weeding out interlocutory appeals masquerading as final-order appeals.").

Defendants have considered several options to dismiss the unaddressed claims, but Defendants encountered obstacles with each proposal. First, Defendants understand that Plaintiffs object to dismissal of the unaddressed claims with prejudice. Second, Defendants are concerned that dismissal of those claims without prejudice might be viewed as manufacturing finality in contravention of the rules governing final judgments. *See Metz v. McCarthy*, 167 F.4th 722, 725–26 (4th Cir. 2026) ("To create finality, the breach of contract claim would have to have been dismissed *with prejudice.* Then, the district court's dismissal . . . would become an appealable final judgment."); *Britt v. DeJoy*, 45 F.4th 790, 794 (4th Cir. 2022) (stating that it is "well-established that dismissals made without prejudice" are not final judgments).

Given these obstacles to dismissal of the unaddressed claims, Defendants believe the best approach is for the Court to enter partial final judgment on the finally decided claims pursuant to

Rule 54(b) and stay the unaddressed claims pending final resolution of Defendants' appeal of the partial final judgment. Rule 54(b) allows the Court to enter "a final judgment as to one or more, but fewer than all," of Plaintiffs' claims. Fed. R. Civ. P. 54(b). The Court "may direct entry of a final judgment" under Rule 54(b) if it finds that "there is no just reason for delay." Fed. R. Civ. P. 54(b). That standard is met here. Entry of partial final judgment pursuant to Rule 54(b) would be appropriate because Counts 1, 2 and 6 have been finally decided and there is no just reason to delay entry of judgment or an appeal from the judgment on those claims, particularly when the Court's injunction is immediately appealable. Further, the issues raised in Counts 3-5 are distinct from the claims that the Court decided. Count 3 argued that only a subset of the reprogramed FBI funds violated a restriction in the 2017 Consolidated Appropriations Act, as opposed to the entire reprogrammed amount. Similarly, Counts 4-5 focus on whether FBI and GSA have adequately explained their reasons for the selection of the Reagan Building under the APA's arbitrary and capricious standard, which is separate and distinct from the claims that the Court decided as to whether the agencies have the statutory authority to select the Reagan Building at all and reprogram funds for that purpose. Accordingly, entry of partial final judgment on Counts 1, 2, and 6 would enable an appeal to proceed as to all forms of relief granted in the Court's order, avoid harm to Plaintiffs from dismissal of the unaddressed claims with prejudice, and eliminate any potential appellate jurisdiction issues through a dismissal of those claims without prejudice. A proposed partial final judgment is attached.

Dated: August 31, 2026

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/ JAMES C. LUH

JAMES C. LUH (D. Md. Bar No. 31776)
(signed by C. Lee Reeves, II, with
permission of James C. Luh)
ADAM KIRSCHNER (D. Md. Bar No.
31767)
YASMIN DAGNE (D. Md. Bar No. 32016)
Assistant Attorneys General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6411
jluh@oag.maryland.gov

Attorneys for State of Maryland

ANTHONY D. JONES (D. Md. Bar No.
31954)
Prince George's County Attorney

/s/ ANDREW J. MURRAY
ANDREW J. MURRAY (D. Md. Bar No.
10511)
(signed by C. Lee Reeves, II with
permission of Andrew J. Murray)
Associate County Attorney
Prince George's County Office of Law
1301 McCormick Drive, Suite 4100
Largo, MD 20774
(301) 952-5225
ajmurray@co.pg.md.us

Attorneys for Prince George's County

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANDREW WARDEN
Assistant Branch Director
Federal Programs Branch

*/s/* C. *Lee Reeves, II*
C. LEE REEVES, II
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch

1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 616-0773
Facsimile: (202) 616-8460
Lee.Reeves2@usdoj.gov
*Counsel for Defendants*