**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

STATE OF MARYLAND and
PRINCE GEORGE'S COUNTY,

Plaintiffs,

v.

KASH PATEL,
*Director, Federal Bureau of Investigation*,
TODD BLANCHE, *Attorney General*,
JOLENE ANN LAURIA,
*Assistant Attorney General for Administration*,
EDWARD C. FORST, *Administrator, U.S. General Services Administration*,
FEDERAL BUREAU OF INVESTIGATION,
U.S. DEPARTMENT OF JUSTICE and
U.S. GENERAL SERVICES ADMINISTRATION,

Defendants.

Civil Action No. 25-3644-TDC

**ORDER**

On August 17, 2026, the Court granted Plaintiffs' Motion for Judgment on the Pleadings and issued an Order in which it entered judgment in favor of Plaintiffs on Counts 1, 2, and 6 of the Complaint, which resulted in the grant to Plaintiffs of the full relief requested in the Complaint. On August 19, 2026, Defendants filed a Notice of Appeal of that ruling.

In the Order, the Court instructed the parties to file a Joint Status Report proposing the next steps in the litigation. In their Joint Status Report, the parties agreed that "no further litigation is necessary" before this Court and that the next step should be Defendants' appeal to the United States Court of Appeals to the Fourth Circuit. JSR at 2, ECF No. 39. The parties, however,

disagree on whether additional action is required to ensure that the Fourth Circuit may consider the appeal. Upon review, the Court generally agrees with the approach proposed by Defendants.

Federal Rule of Civil Procedure 54(b) allows a district court to "direct the entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). Such a final judgment would then be appealable. *See* Fed. R. Civ. P. 54(a) (defining "[j]udgment" as used in Rule 54 as "any order from which an appeal lies"). In entering a final judgment pursuant to Rule 54(b), the Court "must first 'determine whether the judgment is final' and second, 'determine whether there is no just reason for the delay in the entry of judgment.'" *Kinsale Ins. Co. v. JDBC Holdings, Inc.*, 31 F.4th 870, 873 (4th Cir. 2022) (quoting *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993)).

On the first requirement, a judgment is "final" if it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 855 (4th Cir. 2010) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)). Here, there is no dispute that in granting Plaintiffs' Motion for Judgment on the Pleadings, the Court fully resolved the claims in Counts 1, 2, and 6 and granted Plaintiffs' all the relief they sought, such that it ended the litigation of those claims on the merits and left "nothing for the court to do but execute the judgment." *Kinsale Ins. Co.*, 31 F.4th at 873. The requirement that the judgment is final has thus been satisfied.

As for the second requirement, in determining whether there is "no just reason for the delay in the entry of judgment," a district court should consider "(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing

court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Id.* at 874.

Here, the Court finds that overall, these factors demonstrate that there is "no just reason for the delay in the entry of judgment." Fed. R. Civ. P. 54(b). As to the first factor, the relationship between the decided and undecided claims, the Court's Order granting Plaintiffs' Motion for Judgment on the Pleadings as to Counts 1, 2, and 6 effectively granted to Plaintiffs the full relief sought in this case, consisting of the vacating of the decision to select the Ronald Reagan Building as the site of the new Federal Bureau of Investigation ("FBI") headquarters and the related July 2025 reprogramming decision, the entry of a declaratory judgment that those decisions were unlawful, and the issuance of an injunction against any actions to facilitate or advance the implementation of those decisions. Accordingly, as Plaintiffs agree, there is no need to adjudicate the remaining claims, which do not seek any additional relief. In turn, as to the second factor, because neither party seeks review of the remaining claims, there is no possibility that the need for appellate review would be rendered moot by future developments in the district court. As to the fourth factor, there are no claims or counterclaims which could result in a set-off against the judgment sought to be made final.

As for the third factor, after appellate review there would be no need to revisit the specific issues in Counts 1, 2, and 6, and if the Fourth Circuit affirms the Court's Order on those counts the case would end and there would be no need to address the remaining claims. However, if the Fourth Circuit reverses the Court's Order and the Court is then required to consider Plaintiffs'

alternative grounds for relief in Counts 3, 4, and 5, there may be a need in the future for appellate review of those related but distinct claims.

Finally, as for the fifth factor, considerations of issues such as delay, the timing of trial, and expense weigh in favor of a present appeal on Counts 1, 2, and 6 because both parties seek a prompt resolution of this dispute which could come following such an appeal, while awaiting the full litigation of Counts 3, 4, and 5 before any appellate review would likely increase the time and expense required to litigate this case, particularly where Counts 4 and 5, which allege that the decisions at issue were arbitrary and capricious under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), would require time-consuming litigation that would include extensive review and analysis of the administrative record. *See Res. Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 323 F. Supp. 2d 709, 723 (E.D. Va. 2004) (entering a final judgment under Rule 54(b) where an appellate ruling had the potential to moot the remaining claims and end the case), *aff'd in part, rev'd in part on other grounds*, 407 F.3d 631 (4th Cir. 2005); *Penn-Am. Ins. Co. v. Mapp*, 521 F.3d 290, 296 (4th Cir. 2008) (citing *Resource Bankshares* as an example of a district court properly exercising its discretion to enter a final judgment under Rule 54(b)).

Where all but one of the factors weigh in favor of permitting an appeal of Counts 1, 2, and 6, the Court finds that there is no just reason to delay the entry of final judgment on those claims. *See MCI Constructors*, 610 F.3d at 855. The Court therefore will enter final judgment on Counts 1, 2, and 6 pursuant to Rule 54(b), such that an appeal of that judgment may now proceed. Finally, upon that entry of final judgment, the Court will stay the remaining undecided claims in Counts 3, 4, and 5 and administratively close this case pending the resolution of that appeal. *See Penn-Am. Ins. Co. v. Mapp*, 521 F.3d 290, 296 (4th Cir. 2008) (noting that an administrative closure of a case

or a stay of proceedings may be warranted "where separable claims are made appealable under Rule 54(b)").

**CONCLUSION**

For the reasons stated above, it is hereby ORDERED that:

1. Final judgment is entered as to Counts 1, 2, and 6 pursuant to Federal Rule of Civil Procedure 54(b).

2. The remaining claims in Counts 3, 4, and 5 are stayed, and this case is administratively closed, pending the resolution of the appeal of that final judgment to the United States Court of Appeals for the Fourth Circuit.

Date: October 29, 2026

THEODORE D. CHUANG
United States District Judge